DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARC H. GOLD,**
as a Member of the Board of Directors of the Defendant Corporation,
Appellant,

v.

**CAMBRIDGE DIAGNOSTIC PRODUCTS, INC.,**
Appellee.

No. 4D2025-3625

[July 29, 2026]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne Elizabeth Fahnestock, Judge; L.T. Case No. 062019CA019187AXXXCE.

Barbara A. Heyer of Heyer & Associates, P.A., Pembroke Pines, for appellant.

Reid A. Cocalis and Jennifer A. Bautista of Tripp Scott, P.A., Ft. Lauderdale, for appellee.

PER CURIAM.

We reverse the trial court's order denying disqualification of attorney Reid Cocalis from representing the appellee, Cambridge Diagnostic Products, Inc. ("Cambridge").[1] In deciding that appellant's motion was untimely, the circuit court gave inadequate weight to portions of Judge Frink's order granting disqualification in a related lawsuit.

Two circuit court actions are pending. In the present case, the records action, appellant, a minority shareholder, sued Cambridge for corporate records. Cambridge hired Attorney Cocalis. Appellant claimed Cocalis was slowing or blocking discovery to protect the majority shareholders.

Later, appellant filed a separate derivative case against Cambridge and those majority shareholders individually. Cocalis appeared as counsel for

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(E).

all defendants.  Appellant moved to disqualify Cocalis, and Judge Frink disqualified him in that case and issued a detailed order.

Appellant then moved to disqualify Cocalis in the present case too, relying in part on Judge Frink's order and specific findings.  Cambridge argued the motion was untimely because appellant knew for years about Cocalis's relationship to the majority shareholders.

Appellant argued the real conflict of interest occurred only when Cocalis began representing the majority shareholders, in addition to the corporation in the second action.  The trial court denied the motion as untimely, referencing findings in Judge Frink's order regarding when appellant may have become aware of Cocalis' alleged conflict of interest.

On this record, we conclude that the motion to disqualify was timely filed.  *Transmark, U.S.A., Inc. v. State, Dep't of Ins.*, 631 So. 2d 1112, 1116 (Fla. 1st DCA 1994) ("A motion to disqualify should be made with reasonable promptness after the party discovers the facts which lead to the motion.").  Despite the trial court's reasoning, the record shows that appellant's basis to disqualify Cocalis in this action arose beyond speculation only when he began to represent Cambridge *and* the two majority shareholders in the derivative action.

On remand, the circuit court is directed to decide the motion to disqualify on the merits.

*Reversed and remanded.*

GROSS, CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

2